07 CIV 9521

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                        :
ZEICHNER ELLMAN & KRAUSE LLP,                           :
Plaintiff and Interpleader Plaintiff,                   :
                                                        :       No. 07 Civ.
                                                        :
                                                        :       OCT 25 2007
 – against –                                            :       U.S.D.C. S.D.N.Y.
                                                        :       CASHIERS
                                                        :       COMPLAINT FOR
                                                        :       DECLARATORY
KATHY COKUS, Defendant and Interpleader                 :       JUDGMENT AND
Defendant, and OCTAVIO PENA, Interpleader               :       INTERPLEADER
Defendant.                                              :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff and Interpleader Plaintiff Zeichner Ellman & Krause LLP ("Plaintiff" or

"Zeichner"), by its counsel, Stillman, Friedman & Shechtman, P.C., for its Complaint against

Defendant and Interpleader Defendant Kathy Cokus ("Cokus") and Interpleader Defendant

Octavio Pena ("Pena"), alleges as follows:

## PARTIES

1.      Plaintiff and Interpleader Plaintiff Zeichner Ellman & Krause LLP is a New York

limited liability partnership with its principal place of business in New York, New York. None of

its partners is a citizen or domiciliary of Pennsylvania.

2.      Defendant and Interpleader Defendant Kathy Cokus is a Pennsylvania citizen who

resides in Morrisville, Pennsylvania.

3.      Interpleader Defendant Octavio Pena is a Pennsylvania citizen who resides in New

Hope, Pennsylvania.

## JURISDICTION AND VENUE

4.      This is an action by Zeichner against Cokus for breach of contract and a declaratory

judgment pursuant to 28 U.S.C. § 2201 relating to a written contract entered into between these

parties on or about July 16, 2001, with respect to which there is an actual controversy; and, for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure to resolve the claims of Cokus and/or Pena, which affect the rights and duties of Zeichner.

5.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to plaintiff's claims occurred in this district, and because the property at issue in this action is located in this district.

## FACTS

### Breach of Contract and Declaratory Judgment

7.    On or about July 16, 2001, Zeichner and Cokus entered into a written contingent fee agreement for legal services (the "Fee Agreement"), pursuant to which Zeichner agreed to provide legal representation to Cokus in connection with a potential federal False Claims Act *qui tam* action that Cokus contemplated against her former employer, Bristol-Myers Squibb Company ("BMS"). In exchange for Zeichner's agreement to represent her, Cokus agreed that the firm would be entitled to 37.5 percent of any recovery in the matter after recouping its disbursements, and to take its fee and disbursements directly from the proceeds of any settlement. A copy of the Fee Agreement is annexed as Exhibit A hereto.

8.    For the next several years, Zeichner advocated on behalf of Cokus, including but not limited to, representing her interests in the resulting case entitled *United States ex rel. Cokus v. Bristol Myers Squibb*, Civil Action No. 01-11627-RGS, pending in the United States District Court for the District of Massachusetts.

- 2 -

9.      Prior to September 28, 2007, the United States Department of Justice ("DOJ") informed Zeichner, as Cokus' counsel, that DOJ and various states had reached a settlement with BMS of numerous claims against the company, including the claims asserted by Cokus and other relators. Zeichner was also informed that Cokus would receive $4,005,229.67 (inclusive of interest) as her relator's share with respect to the federal portion of the settlement and $85,003.07 (exclusive of interest) as her relator's share with respect to the state portion of the settlement.

10.     When Zeichner informed Cokus of the impending recovery, for the first time she disputed Zeichner's right to its fee under the Fee Agreement and demanded that the firm hold its entire earned fee in escrow pending resolution of the purported dispute. Zeichner advised Cokus that it disagreed with her and considered her position without merit.

11.     On October 23, 2007, Zeichner received a wire transfer of $4,005,229.67 into its interest bearing attorney trust account at Citibank, N.A. located in New York, New York (the "Trust Account").

12.     At the time of this filing, Zeichner has initiated a wire transfer in the sum of $1,999,067.73 to Cokus.

13.     In addition, at the time of this filing, Zeichner is holding the sum of $1,999,067.73 in Zeichner's Trust Account, which amount includes the sum of $1,506,395.01 owed to Zeichner, consisting of Zeichner's recoupment of its disbursements in the amount of $7,094.21 and its fee in the amount of $1,499,300.80, that is, 37.5 percent of the net recovery in the *qui tam* action. To the full extent permitted by law, Zeichner asserts a lien upon these funds in the amount of $1,506,395.01 for its fees and disbursements.

- 3 -

14.     Pursuant to DR 9-102 of the New York Code of Professional Responsibility, Zeichner arguably may not withdraw the fee to which it is entitled pursuant to the Fee Agreement signed by Cokus, unless and until Cokus' alleged "dispute" is "finally resolved."

15.     Accordingly, Zeichner brings suit to recover damages for Cokus' breach of contract and for a declaration from the Court that Zeichner is legally entitled to $1,506,395.01 in the Trust Account in satisfaction of the fees and disbursements it is entitled to recover under the Fee Agreement, plus applicable interest.

### Interpleader

16.     Zeichner is informed that a non-party to the Fee Agreement, Octavio Pena (an investigator and consultant), asserts that he had a valid, written agreement with Cokus to pay him 12.5 percent of the recovery Cokus receives in the *qui tam* action. Cokus has advised Zeichner that she disputes this claim and believes that Pena is not entitled to that amount. Counsel for Cokus and Pena have each advised Zeichner that it should not pay out this 12.5 percent of the recovery to which Pena claims entitlement, so long as a dispute exists among them.

17.     Thus, Zeichner also brings an action in interpleader against Pena and Cokus, and requests that it be permitted to deposit into the Registry of the Court the sum of $499,766.93— which represents the 12.5 percent of the recovery to which Pena claims he is contractually entitled but which Cokus disputes—and agrees to abide by the judgment of the Court with respect to the treatment of these funds.

### COUNT I—Breach of Contract

18.     Zeichner realleges and incorporates by reference paragraphs 1 through 15 of the Complaint as though fully set forth herein.

19.     Zeichner has fully performed under the terms of the Fee Agreement.

- 4 -

20.    Cokus has breached the Fee Agreement.

21.    By reason of the foregoing, Zeichner has been damaged.

### COUNT II—Declaratory Judgment

22.    Zeichner realleges and incorporates by reference paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23.    An actual controversy exists between Zeichner and Cokus.

24.    Pursuant to the fully executed and binding Fee Agreement between the parties, Zeichner is entitled to 37.5 percent of any sums recovered on behalf of Cokus in the *qui tam* suit after recouping disbursements.

25.    Zeichner has recovered $4,005,229.67 on behalf of Cokus, and accordingly, is entitled to receive immediately its legal fee of $1,499,300.80, plus reimbursement for its disbursements in the amount of $ 7,094.21, for a total of $ 1,506,395.01.

26.    Accordingly, Zeichner seeks a declaration that it is the absolute, unencumbered owner of $1,506,395.01 currently on deposit in Zeichner's trust account, plus the interest accruing thereon.

### COUNT III—Interpleader

27.    Zeichner realleges and incorporates by reference paragraphs 1 through 6, 11-13 and 16-17 of the Complaint as though fully set forth herein.

28.    A dispute exists between Cokus and Pena regarding the ownership of the 12.5 percent of the recovery that Pena claims Cokus agreed to pay him, an amount equal to the sum of $499,766.93.

29.     At the time of this filing, Zeichner is holding the sum of $499,766.93 in the Zeichner Trust Account, which represents the amount of the funds that are the subject of the dispute between Cokus and Pena. These funds do not belong to Zeichner.

30.     If Zeichner transmits these funds to either one of Cokus or Pena, Zeichner faces the prospect of a complaint from the other party.

31.     Accordingly, Zeichner requests that it be permitted to deposit into the Registry of the Court the sum of $499,766.93, representing the 12.5 percent of the recovery disputed between Cokus and Pena, and agrees to abide by the judgment of the Court with respect to the treatment of these funds.

**WHEREFORE,** Zeichner prays that the Court enter a Judgment:

a)    adjudging Cokus liable to Zeichner in the amount of $1,506,395.01, plus interest from October 23, 2007;

b)    adjudging Zeichner the absolute, unencumbered owner pursuant to the Fee Agreement of the $1,506,393.01 on deposit in Zeichner's trust account, plus the interest accruing thereon;

c)    resolving all issues as between Cokus and Pena with respect to the rightful ownership of the $499,766.93 to be deposited with the Court; and

d)    granting such other and further relief as is just and proper.

Dated:    New York, New York
          October 24, 2007

                                    STILLMAN, FRIEDMAN & SHECHTMAN, P.C.

                                    By:  _____
                                         John B. Harris (JH 4038)
                                         425 Park Avenue
                                         New York, New York 10022
                                         (212) 223-0200

                                         Attorneys for Plaintiff Zeichner Ellman
                                             & Krause LLP

- 7 -

# EXHIBIT A

# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

Nathan Schwed
(212) 826-5317
nschwed@zeklaw.com

ONE GATEWAY CENTER
NEWARK, NJ 07102
(973) 624-8600
FAX: (973) 624-8585

July 16, 2001

Ms. Kathy Cokus
1704 Kathy Drive
Yardley, PA 19067

Dear Ms. Cokus:

We are pleased to confirm the retention of our firm (the "Firm") in connection with the potential prosecution of a Qui Tam action (the "Action") under the False Claims Act against Bristol-Myers Squibb Company ("BMS").

In consideration of the services rendered and to be rendered by us, you agree to pay a fee to us (and we are authorized to endorse for you any checks that may be paid in resolution or settlement of the Action, and to retain out of any monies that may come into our hand by reason of the above claim) in an amount equal to 37.5% of the sum you recover (including attorneys fees and disbursements you recover) as a result of or in connection with the Action against BMS or any settlement thereof. Such percentage is to be computed on the total sum recovered less the amount of all necessary disbursements.

Although attorneys may advance disbursements on behalf of a client, it is understood the client is responsible for such disbursements regardless of the outcome of the case. The client may be required at any time to pay all disbursements. To the extent we advance disbursements, any such disbursements will be reimbursed to the Firm first out of any monies received on account of the Action and/or claim.

ZEICHNER ELLMAN & KRAUSE LLP

Ms. Kathy Cokus
July 16, 2001
Page 2

You understand that in a Qui Tam action, the government has a limited amount of time to decide whether or not to intervene in the action. If the government chooses to intervene, the government will become the principal party in the Action. However, you will still remain a party in the Action and our firm will continue to represent your interests in the Action.

In the event the government declines to intervene in the Action, you will then have to decide whether or not to pursue the Action. That decision will involve numerous considerations, including (i) a possibility that the Statute of Limitations may bar a substantial portion of your potential claims, (ii) the government's decision to decline intervention may indicate a serious weakness in the claims, (iii) the risk that if you are unsuccessful in the Action, you may be compelled to pay the attorneys fees and expenses of the defendant, and (iv) the costs and expense of proceeding with the Action may be quite substantial.

You understand and agree that if the government declines to intervene in the Action, the Firm may choose to proceed with the Action in conjunction with one or more other law firms. In such event, you agree to cooperate with our firm and assist us in connection with the retention of such other attorneys. Alternatively, the Firm may choose not to proceed with the Action. In such event, you will be given the opportunity to obtain another attorney to proceed with the Action, if you so wish.

You acknowledge that the Firm has made no representations to you of the amount of money that you could be awarded if the case is successful or that the case in fact will be won.

If the foregoing correctly reflects our understanding, please execute this agreement under the words "Accepted and Agreed To," and return one copy of the letter to us.

ZEICHNER ELLMAN & KRAUSE LLP

Ms. Kathy Cokus
July 16, 2001
Page 3

We look forward to working with you on this matter.

Sincerely,

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
    Nathan Schwed

NS/pa

**ACCEPTED AND AGREED TO:**

KATHY COKUS

368962.01/2969-001/NS