UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ZEICHNER, ELLMAN & KRAUSE, LLP, Plaintiff and Interpleader Plaintiff, | : : : : |
| v. | No. 07-CIV-9521 |
| KATHY COKUS, Defendant and Interpleader Defendant, and OCTAVIO PENA, Interpleader Defendant. | : : : : : |

## ORDER

**AND NOW**, this _____, day of _____, 2007, in consideration of Defendant Cokus's Motion to Dismiss Due to the Pendency of a Prior Action, and all papers in support thereof and in opposition thereto, it is hereby ordered that the Motion is granted and the instant action is dismissed with prejudice.

**BY THE COURT:**

_____
J.,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZEICHNER, ELLMAN & KRAUSE, LLP, Plaintiff and Interpleader Plaintiff, <br><br> v. <br><br> KATHY COKUS, Defendant and Interpleader Defendant, and OCTAVIO PENA, Interpleader Defendant. | No. 07-CIV-9521 <br><br> **MOTION TO DISMISS DUE TO PENDENCY OF A PRIOR ACTION** |

**AND NOW**, comes Defendant Kathy Cokus, by and through her undersigned counsel, Bochetto & Lentz, P.C., and moves this Court for an Order dismissing this action due to the pendency of a prior action. In support of this Motion, Cokus incorporates by reference the accompanying Memorandum of Law being filed contemporaneously herewith.

          Respectfully submitted,

          **BOCHETTO & LENTZ, P.C.**

          /s/
By:_____
    George Bochetto, Esquire
    1524 Locust Street
    Philadelphia, PA 19102
    Ph: (215) 735-3900
    Fx: (215) 735-2455
    *Attorney for Defendant Kathy Cokus*

Date: November 14, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZEICHNER, ELLMAN & KRAUSE, LLP, Plaintiff and Interpleader Plaintiff, <br><br> v. <br><br> KATHY COKUS, Defendant and Interpleader Defendant, and OCTAVIO PENA, Interpleader Defendant. | No. 07-CIV-9521 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DUE TO PENDENCY OF PRIOR ACTION** |

## I. INTRODUCTION

The instant action, filed as a strategic, forum-shopping maneuver in response to litigation already pending in Pennsylvania, should be dismissed under the prior pending action doctrine. Since all parties, and more, are litigating the same issues in the action previously filed in the Bucks County Court of Common Pleas, *Pena v. Cokus v. Schwed and Zeicner, Ellman & Krause, LLP,* Bucks Cty. Comm. Pleas, No. 07-08068-29-1 ("Bucks County Action"), judicial efficiency and the prior pending action doctrine demand that this action be terminated.

## II. STATEMENT OF FACTS

**A. The Nature of the Dispute**

Although procedural history is key to applying the prior pending action doctrine, it is helpful nevertheless to understand the substantive nature of this dispute. The general facts outlined here are set forth in greater detail in the attached pleadings, which are identified below in the context of the procedural history.

Defendant herein Kathy Cokus ("Cokus"), once employed by Bristol-Myers Squibb ("BMS"), reported BMS's unlawful conduct to the FBI and ultimately became a relator in a *qui*

*tam* action the United States brought against BMS. Interpleader Defendant Octavio Pena ("Pena") and Plaintiff Zeichner, Ellman & Krause, LLP ("ZEK") are both seeking a portion – together a total of 50 percent – of Cokus's $4 million *qui tam* award. It is Cokus's position that they are entitled to no part of the award and that she is entitled to damages from each.

Shortly after Cokus reported the unlawful conduct to the FBI in May 2001, Pena happened to introduce himself to Cokus on an adult matchmaking website. At the time, Pena, then 54, was retired from a career as a private investigator. When he learned of Cokus's potential *qui tam* case, he introduced her to his personal attorney, Nathan Schwed ("Schwed") and to Schwed's firm, Plaintiff herein, ZEK. It is believed that neither Schwed nor ZEK had any previous involvement in *qui tam* actions.

While Cokus was consulting with Schwed and ZEK, Schwed secretly prepared an agreement ("Secret Agreement") purporting to have Cokus hire Pena's company, Lynch International, Inc., for investigative and public relations work. At or near the same time, Schwed drafted a retainer agreement ("Retainer Agreement") under which Cokus would hire Schwed and ZEK to represent her in the *qui tam* action. Thereafter, Pena slipped numerous papers in front of Cokus for her signature that he led Cokus to believe involved retaining Schwed and ZEK. Unbeknownst to Cokus, one of them may have been the signature page to the Secret Agreement. Cokus never knowingly hired Pena to do investigative work and Pena never performed any to speak of.

The Secret Agreement purportedly called for Pena to receive 12.5 percent of Cokus's relator's fee. The Retainer Agreement, which Cokus ultimately signed, although without full disclosure from ZEK, called for ZEK to receive 37.5 percent. The 12.5 percent was, in effect, a

"runner's fee" for Pena's procuring Cokus as a signatory to ZEK's Retainer Agreement.  For a *qui tam* action, which the United States government ultimately prosecutes, a *qui tam* fee of 37.5 percent is excessive, to say nothing of the combined fee of 50 percent for doing little or nothing.

In or around January 2007, Schwed learned that the United States Government's action would settle and that Cokus's relator's fee would be approximately $4 million.  Schwed provided this information, as well as confidential information about Cokus, including her home telephone number, to Pena.  It was Pena who called Cokus to congratulate her on the $4 million award and inform her for the first time of the Secret Agreement and his claim for $500,000.

Since then, Cokus has received approximately $2 million of the $4 million.  The remainder is being held in escrow, with Pena asserting a claim against Cokus for approximately $500,000 and ZEK a claim against Cokus for approximately $1.5 million.

Cokus has asserted claims against Pena for fraud under Pennsylvania law and multiple counts against Schwed and ZEK under Pennsylvania law, including but not limited to, fraud, malpractice, and violation of Pennsylvania's Unfair Trade Practices Act.

**B.     Procedural History**

On September 29, 2007,  Pena initiated the Bucks County Action against Interpleader Defendant Cokus.  Both Pena and Cokus are residents of Bucks County, Pennsylvania.  The lawsuit was initiated by filing a praecipe to issue a summons.  See Praecipe for Summons, attached hereto as Exhibit "A."  Starting "suit by summons" is a Pennsylvania procedure that, among other purposes, makes it easier to file before an imminent statute of limitations deadline, but it can be used at any time for any reason whatsoever.  Under this procedure, the lawsuit is docketed and the summons served, and in all respects, suit has commenced.  The summons is

then followed by a complaint. Pena's Complaint against Cokus was filed on October 2, 2007. See Pena's Complaint, attached hereto as Exhibit "B."

Cokus realized that, in connection with the dispute over the *qui tam* relator's award and Pena's claim for a fee, her attorneys, that is, ZEK and Schwed, were liable for breaches of related duties owed her. Thus, on October 11, 2007, Cokus named them as defendants in the Bucks County Action, also starting suit by summons. See Praecipe for Summons, attached hereto as Exhibit "C." The following day, on October 12, 2007, Cokus forwarded the Praecipe for Summons to ZEK. See October 12, 2007 letter from George Bochetto, Esquire to John B. Harris, Esquire, attached hereto as Exhibit "D." Thus, from this date, ZEK and Schwed were fully aware that they were parties to the Bucks County Action. On October 25, 2007, well **after** Cokus named ZEK and Schwed, while Pena, Cokus, ZEK and Schwed were all parties to the Bucks County Action, ZEK initiated the instant action on. See Complaint, attached hereto as Exhibit "E."

On the same day, October 25, 2007, Cokus filed her Answer and Counterclaims to Pena's Complaint in the Bucks County Action. See Answer and New Matter, attached hereto as Exhibit "F." Thereafter, on October 31, 2007, Cokus followed up on her October 11, 2007 Praecipe for Summons and filed her Complaint against ZEK and Schwed in the Bucks County Action. See Complaint attached hereto as Exhibit "G." On the same day, October 31, 2007, ZEK and Schwed received a copy of the Complaint. See October 30, 2007 letter from George Bochetto, Esquire to Nathan Schwed, Esquire and ZEK attached hereto as Exhibit "H."

Thus, although the filing of certain pleadings overlapped, the Bucks County action was indisputably initiated before the instant action. Moreover, it includes Schwed, who is not a party

4

herein.

What is more, the Bucks County Action has progressed substantially beyond the instant action. Pena has asserted his claims against Cokus in the Bucks County Action, but not here. In the same action, Cokus, in turn, has asserted her claims against Pena, Schwed and ZEK, but not against any of them here. Moreover, discovery has commenced in the Bucks County Action but not here. The only thing included in this action but not in Bucks County are ZEK's claims against Cokus, which ZEK could easily assert as counterclaims to the Complaint that, since October 11, 2007, ZEK anticipated would be filed in Bucks County.

### III. ARGUMENT

This court aptly summarized the prior pending action doctrine in *World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc.*, 425 F. Supp. 2d. 484, 511 (S.D. N.Y. 2006):

> [T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
>
> The factors the court should consider include: (1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *See id.* at 19, 23-27, 103 S.Ct. 927; *see also Linens of Europe, Inc. v. Best Mfg., Inc.,* No. 03 Civ. 9612, 2004 WL 2071689, at *5 (S.D.N.Y. Sept. 16, 2004) (citing *Vill. of Westfield v. Welch's,* 170 F.3d 116, 120 (2d Cir.1999)). "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 16, 103 S.Ct. 927.

*Curtis v. DiMaio*, 45 F. Supp. 206 (E.D. N.Y. 1999) (Claims dismissed in favor of prior action.)

This is a clear case for abstention in favor of the prior state court action. First, this Court has not assumed jurisdiction over a *res*, and even if it had, this factor would not be significant. The instant case is neither an *in rem* action nor one concerning real estate, and thus it is not one in which the court is asserting jurisdiction over specific or unique property, much less property rooted in this jurisdiction. Rather, it concerns money, which is fungible. While the funds to be distributed are being held in an escrow account, presumably in New York, any final order in the Bucks County Action (or this case) would apply to the **parties** and how they should distribute the funds. Moreover, it would concern whether an additional judgment should be entered in Cokus's favor and against Pena and ZEK. An Order of the Bucks County Court would be fully enforceable against the parties.

Secondly, the Bucks County court is the most convenient since two out of essentially three parties reside in that area. Indeed, Bucks County is the forum choice of two parties, both functioning, at least in part, as plaintiffs. See, *Norex Petroleum Ltd. v. Access Industries, Inc.*, 416 F. 3d. 146 (2d. Cir. 2005) (In *forum non conveniens* context, plaintiffs forum choice is granted deference.) Moreover, ZEK, being a law firm, may be better able to travel to Bucks County than the individuals are able to travel to New York.

Clearly, the litigation is duplicative, and piecemeal litigation should be avoided. It makes no sense for the parties to be litigating in two forums at once with the hope that one lawsuit will beat out another, that rulings in one can be heralded as preclusive in another, or that one party's victories in one forum can be unwound in the other. A single forum is adequate and efficient, and it should be the one where the litigation began, and, moreover where it has progressed substantially farther.

There can be no question that the litigation began with the Bucks County Action. Pena and Cokus and ZEK all became parties there before they were parties in New York. Moreover, that Schwed is a party in Bucks County and not in New York favors proceeding in Bucks County.

The instant case turns entirely on state law, and, further, much of the state law is indisputably Pennsylvania law. Consequently, the Bucks County Court is well positioned to render legal decisions.

Finally, there can be no question but that the Bucks County Court will adequately protect the rights of Schwed and ZEK.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Cokus's Motion to Dismiss Due to the Pendency of a Prior Action should be granted.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: /s/ _____
George Bochetto, Esquire
1524 Locust Street
Philadelphia, PA 19102
Ph: (215) 735-3900
Fx: (215) 735-2455
*Attorney for Defendant Kathy Cokus*

Date: November 14, 2007

## CERTIFICATE OF SERVICE

I, George Bochetto, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Motion to Dismiss Due to Pendency of Prior Action upon the following counsel via facsimile and first-class mail:

John B. Harris, Esquire
STILLMAN, FRIEDMAN & SHECHTMAN, P.C.
425 Park Avenue
New York, NY 10022
Facsimile: (212) 223-1942


Arnold I. Kalman, Esquire
245 South Hutchinson Street
Philadelphia, PA 19107
Facsimile: (215) 829-9619



**BOCHETTO & LENTZ, P.C.**

By: _____/s/_____
George Bochetto, Esquire

Date: November 14, 2007