UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ZEICHNER ELLMAN & KRAUSE LLP,
Plaintiff and Interpleader Plaintiff,

No. 07 Civ. 9521(JGK) (MHD)

– against –

**ECF Case**

**NOTICE OF CROSS-MOTION**

KATHY COKUS, Defendant and Interpleader
Defendant, and OCTAVIO PENA, Interpleader
Defendant.

------------------------------------------------------------ X

**PLEASE TAKE NOTICE** that, upon the attached Declaration of Stephen Ellman, sworn to on November 29, 2007, and the exhibits annexed thereto, the accompanying Memorandum of Law in Opposition to Defendant Cokus' Motion to Dismiss on Grounds of Prior Action Pending, and in Support of Plaintiff's Cross-Motion to Deposit Funds into Court Registry, and all of the proceedings and papers herein, Plaintiff Zeichner Ellman & Krause LLP, by counsel, will cross-move this Court, at the United States District Courthouse, 500 Pearl Street, New York, New York, as soon as counsel may be heard, for an order pursuant to Rule 67 of the Federal Rules of Civil Procedure for leave to deposit into the Registry of the Court the sum of $499,766.93.

Dated:   New York, New York
         November 29, 2007

STILLMAN, FRIEDMAN & SHECHTMAN, P.C.

By: s/John B. Harris
    John B. Harris (JH 4038)
    425 Park Avenue
    New York, New York 10022
    (212) 223-0200
    *Attorneys for Plaintiff Zeichner Ellman
    & Krause LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
ZEICHNER ELLMAN & KRAUSE LLP,       :
Plaintiff and Interpleader Plaintiff, :
                                    :    No. 07 Civ. 9521 (JGK)(MHD)
                                    :
     – against –                    :    **DECLARATION OF**
                                    :    **STEPHEN F. ELLMAN**
                                    :
KATHY COKUS, Defendant and Interpleader :
Defendant, and OCTAVIO PENA, Interpleader :
Defendant.                          :
                                    :
------------------------------------X

Stephen F. Ellman hereby declares under penalty of perjury:

1.   I am a partner in the New York City law firm of Zeichner Ellman & Krause LLP (the "Zeichner firm" or the "Firm"), the plaintiff in the above-captioned action. I submit this declaration in support of the Zeichner firm's opposition to the motion to dismiss of defendant Kathy Cokus and in support of the cross-motion by the Zeichner firm to interplead certain funds located in the State of New York that are in dispute between Ms. Cokus and defendant Octavio Pena.

2.   The gist of this action is, unfortunately, both simple and familiar. The Zeichner firm has represented Ms. Cokus since 2001 in a *qui tam* action involving her former employer, Bristol-Myers Squibb, pursuant to a written contingent fee agreement. (A copy of the fee agreement is annexed as Exhibit A.) The *qui tam* action was finally resolved in October 2007 with the payment of more than $4 million to the Zeichner firm's trust account. Although the Zeichner firm's 37.5 percent contingent interest in the outcome is normal and customary based on the uncertainty of recovery in such actions and although the Zeichner firm was

instrumental in obtaining this substantial recovery, Ms. Cokus has advised the Zeichner firm that she disputes its entitlement to any portion of its fee and has demanded the full amount of the recovery for herself.

3. Ms. Cokus appears to argue that the Firm acted improperly because, before Ms. Cokus retained it more than six years ago, it drafted a letter-agreement at the request of Ms. Cokus' then-friend and advisor, Octavio Pena, which spelled out what Mr. Pena said were the terms of a separate agreement between himself and Ms. Cokus. Under that agreement, Mr. Pena would receive an additional 12.5 percent portion of any recovery from Ms. Cokus.

4. There is no allegation that the Zeichner firm played any role in the negotiation or execution of the Cokus-Pena 2001 letter-agreement, nor does Ms. Cokus allege that the Zeichner firm counseled her with respect to her understanding with Mr. Pena. Rather, Ms. Cokus appears to claim that this letter-agreement was "secret" and that Mr. Pena somehow tricked her into signing it. The Court should be aware that the Zeichner firm emphatically denies any impropriety in connection with its representation of Ms. Cokus.[1]

5. The Zeichner firm has no first-hand knowledge of whether Ms. Cokus knowingly and voluntarily agreed to compensate Mr. Pena for his assistance to her, but it did receive a copy of a signed agreement between them and believed at all times until 2007 that Ms. Cokus and Mr. Pena had such an agreement. Nevertheless, it appears that Ms. Cokus faults the Zeichner firm for advising Mr. Pena that a settlement had been achieved (when, in fact, she had authorized the Firm to do so), and that, had this "confidence" not been disclosed, Ms. Cokus

---

[1] Specifically, the Firm denies the irresponsible allegation by Ms. Cokus that Mr. Pena was a "runner" for the Firm to attract cases. Inasmuch as the Firm specializes in commercial law and rarely does contingent fee cases at all, the suggestion that it would employ a "runner" to deliver cases is ludicrous. Ms. Cokus is the only person who ever became a client of the Firm upon the recommendation of Mr. Pena . The Firm also takes no part in the extreme allegations exchanged in court papers between Ms. Cokus and Mr. Pena after their friendship ended.

2

could have obtained the disputed 12.5 percent and diverted it before Mr. Pena was ever aware that any right he had to those funds had been compromised.

6. When the Zeichner firm learned in September 2007 of the dispute between Ms. Cokus and Mr. Pena, it advised both parties that it could not represent either one in connection with that dispute. On September 28, 2007, before the settlement funds had been paid, Mr. Pena sued Ms. Cokus in the state court in Bucks County, Pennsylvania seeking, inter alia, a declaration that he was entitled to 12.5 percent of the settlement upon its receipt. The Zeichner firm was not named as a party in that pleading. (A copy of Mr. Pena's complaint in that action is annexed as Exhibit B.)

7. On October 11, 2007, Ms. Cokus filed with the Bucks County court a bare summons that purported to name the Zeichner firm and one of its partners, Nathan Schwed, as Additional Defendants, but did not include a pleading or any substantive allegations against either of these defendants. That bare summons was not served upon the additional defendants pursuant to Pennsylvania law until October 26, 2007, still without any pleading. (A copy of the cover letter and summons is annexed as Exhibit C.)

8. On October 23, 2007, the Zeichner firm received in its escrow account the *qui tam* settlement proceeds in the amount of $4,005,229.67. It promptly disbursed approximately $2 million of that amount to the New York bank account designated by Ms. Cokus' attorney. Based on the claim by Ms. Cokus' counsel that she objected to the Firm's receipt of any portion of its contractual fee, the Firm retained its fee in escrow.[2] Pursuant to the

---

[2] The Firm did so even though Ms. Cokus's counsel appeared to be claiming that the Zeichner firm had conspired in some manner to induce Ms. Cokus to pay 12.5 percent of her recovery to Mr. Pena and that, if she were liable to Pena for that amount, the Zeichner firm would be liable to her. The insistence that the Firm not take the 25 percent of its contractual fee above the disputed 12.5 percent appears unreasonable and obviously tactical.

3

direction of counsel for both Ms. Cokus and Mr. Pena, the Firm also did not distribute the 12.5 percent that was in dispute between them.

9. With the controversy now ripe, the Zeichner firm filed suit in this Court on October 25, 2007 based on Ms. Cokus' refusal to permit it to take any portion of its fee. It also sought interpleader of the 12.5 percent in dispute between Ms. Cokus and Mr. Pena.

10. Approximately a week later, on October 30, 2007, Ms. Cokus served the Zeichner firm and Mr. Schwed with a third-party complaint in the Bucks County action that, for the first time, raised claims against them with regard to the representation and sought to deprive the Zeichner firm of any fee at all. (A copy of Ms. Cokus' third-party complaint in that action is annexed as Exhibit D.)

11. In response to its receipt of the Pennsylvania third-party action, on November 19, 2007, the Zeichner firm and Mr. Schwed filed Preliminary Objections in the Bucks County court asserting, inter alia, the absence of personal jurisdiction over them in that State. (A copy of the Preliminary Objections is annexed as Exhibit E.) In those objections, we evidence the facts that the Zeichner firm's lawyers never came to Pennsylvania with respect to the representation of Cokus, never availed ourselves of the benefits of Pennsylvania law and do not generally do business in that State. In contrast, by filing a motion to dismiss without raising any issue of *in personam* jurisdiction, Ms. Cokus has waived her right to object to New York as an available forum to hear her claims and defenses. It is also noteworthy that Mr. Pena, who began the Pennsylvania action, has appeared in New York without objection.

12. Notwithstanding the claims by Ms. Cokus in her papers that there has been substantial progress in the Pennsylvania case, I know first-hand from my review of the papers in that proceeding that there has been no substantive discovery exchanged in the Pennsylvania case

4

(though requests were served), no depositions taken and no conferences with the Pennsylvania court. The motion to dismiss by our Firm and Mr. Schwed is in precisely the same procedural posture as Ms. Cokus' motion to dismiss in this case, with the significant difference that Ms. Cokus does not claim this Court lacks jurisdiction over any aspect of the claims between the parties.

13.  Finally, I would ask the Court to consider in its analysis of the factors cited by Ms. Cokus as justifying the Court's abstention, that New York is not an inconvenient forum both because Ms. Cokus came to New York to engage our firm and because it is less than 80 miles from Bucks County, Pennsylvania to the federal court house in New York. In addition, I am advised that both Ms. Cokus' counsel, George Bochetto, and Mr. Pena's counsel, Arnold Kalman, are admitted to practice in both Pennsylvania and New York, as well as before this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 29, 2007
New York, New York

Stephen F. Ellman