# EXHIBIT E

TO: Third Party Plaintiff, KathyCokus
You are required to plead to the enclosed Preliminary
Objections within twenty days (20) from the service hereof
or a default judgment may be entered against you.

BY: _____
R. Anthony Michetti
J. Bruce McKissock
Attorneys for Additional Defendants,
Nathan Schwed, Esquire and
Zeichner Ellman & Krause LLP

MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN
By:    R. Anthony Michetti, Esquire
       J. Bruce McKissock, Esquire
Identification Nos.: 30049/13036
10 N. Main Street, 2nd Floor          Attorneys for Additional Defendants,
Doylestown, PA 18901                  Nathan Schwed, Esquire, and
(267) 880-2030                        Zeichner Ellman & Krause LLP

---

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

| | |
|---|---|
| OCTAVIO PENA | : |
| vs. | : |
| KATHY COKUS | : NO. 07-08068-29-1 |
| vs. | : |
| NATHAN SCHWED, ESQUIRE and ZEICHNER, ELLMAN & KRAUSE, LLP | : |

**PRELIMINARY OBJECTIONS OF ADDITIONAL DEFENDANTS, NATHAN SCHWED
AND ZEICHNER ELLMAN & KRAUSE LLP, TO THE COMPLAINT
OF ORIGINAL DEFENDANT AND THIRD PARTY PLAINTIFF, KATHY COKUS**

Additional Defendants, Nathan Schwed, Esquire, and Zeichner Ellman & Krause LLP, by

and through their attorneys, Marshall, Dennehey, Warner, Coleman and Goggin, R. Anthony

Michetti, Esquire, and J. Bruce McKissock, Esquire, submit their Preliminary Objections to the Complaint ("Complaint") of original Defendant and Third Party Plaintiff, Kathy Cokus ("Cokus"), and aver the following in support thereof:

1. This third party claim was initiated by filing a Writ on or about October 11, 2007.

2. The Complaint was filed on or about October 31, 2007.

3. The Complaint was mailed to the Additional Defendants on or about October 30, 2007. (See Complaint, attached as Exhibit "A.")

4. Additional Defendants submit their timely Preliminary Objections to the Complaint.

5. Pennsylvania Rule of Civil Procedure 1028(a) provides, in relevant part, that,

> Preliminary Objections may be filed by any party to any pleading and are limited to the following grounds:
>
> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue . . .;
>
> (2) failure of a pleading to conform to law or rule of court . . .;
> (3) insufficient specificity in a pleading;
>
> (4) legal insufficiency of a pleading (demurrer); . . . .

Pa.R.C.P. 1028(a) (2007).

6. All preliminary objections shall be raised at one time, and inclusion of both a jurisdictional question and a demurrer does not waive the jurisdictional objection. Pa.R.C.P. 1028(b) (2007); Wilcox v. Evans, 153 A.2d 817 (Pa. Super. 1959).

7. Additional Defendant, Schwed, is a partner of the New York City law firm, Additional Defendant Zeichner Ellman & Krause LLP ("ZEK"). (See Exhibit "A," at ¶ 2.)

8. Cokus' cause of action concerns the Additional Defendants' legal representation of her in a *qui tam* Complaint filed against New Jersey's Bristol-Myers Squibb in Massachusetts. Generally speaking, Cokus claims that the Additional Defendants engaged in fraud, were negligent, breached their contract with her and engaged in a conspiracy with the first party Plaintiff in connection with their representation of her in that matter. (See Exhibit "A.") In essence, Cokus is seeking to deny ZEK any contingent interest in her $4 million recovery notwithstanding ZEK's acknowledged representative of her and the existence of a contract entitling ZEK to 37.5% of that recovery.

9. This Honorable Court lacks jurisdiction over the Additional Defendants and, therefore, the Joinder Complaint should be dismissed, with prejudice. Pa.R.C.P. 1028(a)(1) (2007).

10. It is Cokus' burden of proof to demonstrate, without relying solely on the pleadings, sufficient contacts with Pennsylvania to justify assertion of personal jurisdiction. International Shoe Co. v. Washington, 326 U.S. 310 (1945); Barr v. Barr, 749 A.2d 992 (Pa. Super. 2000); Grimes v. Wetzler, 749 A.2d 535, 538 (Pa. Super. 2000).

11. When ruling on preliminary objections a court may accept as true all well pleaded facts, but need not supply missing facts. Linda Coal and Supply Co. v. Tasa Coal Co., 204 A.2d 451 (Pa. 1964).

12. The allegations in the Joinder Complaint that are relevant to this Honorable Court's determination that jurisdiction does not lie in Pennsylvania are as follows:

- Additional Defendant, Schwed, is a resident of New York (see Exhibit "A," at ¶ 2);
- Additional Defendant, ZEK, is a New York LLP with its principal place of business in New York (see Exhibit "A," at ¶ 3);
- It is generally alleged without specification that the Additional Defendants committed many of the acts set forth in the Complaint in Bucks County, and that the harm to Cokus mostly occurred in Bucks County (see Exhibit "A," at ¶ 6);

3

- It is generally alleged that the Additional Defendants have represented Pennsylvania residents and businesses in at least two different cases, without further specification (see Exhibit "A," at ¶ 7);

- It is alleged that first party Plaintiff, Octavio Pena ("Pena"), "orchestrated a series of meetings with his personal attorney, Schwed and the law firm of ZEK, and convinced Cokus that such law firm could help Cokus in her difficulties with Bristol-Myers Squibb and that they were capable of handling *qui tam* type actions." (See Exhibit "A," at ¶ 17);

- It is generally alleged that Pena "convinced Cokus to attend certain meetings concerning the retention of Schwed and ZEK to pursue a *qui tam* action on Cokus' behalf against Bristol-Myers Squibb, and over a several week period, Schwed and ZEK began consulting Cokus." (See Exhibit "A," at ¶ 20.) (It is not specified that any of said consultations occurred in Pennsylvania.);

- It is generally alleged that during the time period Cokus was consulting with Schwed and ZEK, Schwed secretly prepared an agreement purporting to have Cokus hire Pena's company, Lynch Int'l, Inc., to perform investigative and public relations work. (See Exhibit "A," at ¶ 21.);

- It is alleged that during the above process, "Pena put numerous papers in front of Cokus to sign, which Cokus was led to believe dealt with retention of Schwed and ZEK for the *qui tam* action," and that during this process, "Pena may have, unbeknownst to Cokus, slipped to Cokus the signature page of the Secret Agreement, which she may have unwittingly signed." (See Exhibit "A," at ¶ 22.) (It is not specified that any of said actions occurred in Pennsylvania.);

- It is alleged that in addition to drafting the "Secret Agreement" for Pena, that Schwed drafted a retainer agreement "by which Cokus would hire Schwed and ZEK to represent her in the *qui tam* action." (See Exhibit "A," at ¶ 31.); and

- The *qui tam* action was brought in the Commonwealth of Massachusetts (see Exhibit "A," at ¶ 38).

13. Cokus alleges that this Honorable Court has jurisdiction over the Additional Defendants because "[t]his cause of action arises under the laws of the Commonwealth of Pennsylvania and is within the subject matter jurisdiction of this Court." (See Exhibit "A," at ¶ 4.)

14. However, this Honorable Court should also be aware of the facts set forth in the Affidavit attached as Exhibit "B."

- Mr. Schwed has never been a resident of Pennsylvania;

- ZEK has never been a resident of Pennsylvania;

- ZEK has never had an office in Pennsylvania.

- The Additional Defendants do not, by advertising or otherwise, hold themselves out as lawyers versed in Pennsylvania law or practice;

- The Additional Defendants have never had any Pennsylvania employees;

- The Additional Defendants have never had Pennsylvania bank accounts;

- The Additional Defendants have never had any telephone listings in Pennsylvania;

- The Additional Defendants have never owned or rented any real property in Pennsylvania;

- No attorney at ZEK, including Mr. Schwed, has ever been licensed to practice in Pennsylvania;

- No attorney at ZEK has ever appeared in a Pennsylvania Court of Common Pleas;

- Neither Mr. Schwed nor any other ZEK lawyer ever traveled to Pennsylvania in connection with the prosecution of the *qui tam* action; and

- The Additional Defendants do not pay taxes in Pennsylvania.

15. A review of the Cokus Complaint leads to the following conclusions:

- She never spoke with or corresponded with anyone at ZEK other than Mr. Schwed;

- None of the meetings took place in Pennsylvania;

- None of the disputed funds are in Pennsylvania;

- Only New York's Code of Professional Responsibility is at issue;

- No appearances in any Pennsylvania court were necessitated by the Additional Defendants' representation of Cokus; and

- The contracts at issue were not signed in Pennsylvania.

16.    Although the Complaint alleges that Additional Defendants committed many of the acts at issue in Bucks County, Pennsylvania, it cites no specific letters, telephone calls, emails or facsimiles by the Additional Defendants to Cokus in Pennsylvania.

17.    The Complaint cites no information about payments made by Cokus to the Additional Defendants, and, in particular, there is no allegation that Cokus sent to the Additional Defendants any money from Pennsylvania, nor is there any allegation that ZEK sent any money to Pena. In fact, Cokus' counsel directed to a New York bank account payment of her $2 million net recovery from the *qui tam* action.

18.    The Complaint cites no information about where Cokus was when she received any legal advice from the Additional Defendants, and, in particular, there is no allegation that she received advice in Pennsylvania.

### A.  PRELIMINARY OBJECTIONS IN THE NATURE OF A MOTION TO DISMISS PURSUANT TO PA.R.C.P. 1028(a)(1) FOR LACK OF JURISDICTION

19.    Pennsylvania may exercise general jurisdiction over out-of-state defendants under 42 Pa.C.S. § 5301, which provides, in relevant part, as follows: "the following relationships between a person and this Commonwealth shall constitute sufficient basis of jurisdiction . . . to exercise general personal jurisdiction . . . limited partnerships . . . the carrying on of a continuous and systematic part of its general business within this Commonwealth."

20.    Pennsylvania may exercise specific jurisdiction over an out-of-state defendant under 42 Pa.C.S. § 5322, which provides, in pertinent, part:

> A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:
>
> (1)    Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

(2) Contracting to supply services or things in this Commonwealth.

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

. . . .

(b) EXERCISE OF FULL CONSTITUTIONAL POWER OVER NONRESIDENTS.-- In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

(c) SCOPE OF JURISDICTION.-- When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him.

(d) SERVICE OUTSIDE THIS COMMONWEALTH.-- When the exercise of personal jurisdiction is authorized by this section, service of process may be made outside this Commonwealth.

> (e) INCONVENIENT FORUM.-- When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S. § 5322.

21. Here, Cokus alleges "the harm visited upon Cokus by Defendants' conduct mostly occurred in Bucks County." (See Exhibit "A," at ¶ 6.)

22. However, allegations that a non-resident committed an act or omission in another jurisdiction that caused harm to a Pennsylvania resident are insufficient to establish specific personal jurisdiction without evidence that the non-resident's contacts with Pennsylvania are more than minor, random, and attenuated. Nutrition Mgmt. Svcs. Co. v. Hinchliff, 926 A.2d 531, 539 (Pa. Super 2007).

23. Non-resident attorneys representing Pennsylvania clients do not purposefully avail themselves of the privileges and benefits of the Commonwealth of Pennsylvania such that they should anticipate having to defend a lawsuit in Pennsylvania when they do not appear in Pennsylvania and merely make telephone calls and send correspondence to Pennsylvania. Hinchliff, 926 A.2d at 538; Triad ML Marketing, Inc. v. Clark & Trevithick, P.C., 76 Pa. D. & C. 4th 418 (Phila. 2005); Roetenberger v. King & Everhard, P.C., 2000 U.S. Dist. LEXIS 16430 (E.D.Pa. 2000).

24. Traditional bases for finding general personal jurisdiction include maintaining the following types of contacts with Pennsylvania: offices, employees, taxes, registration to do business and owning or leasing property. Efford v. Jockey Club, 796 A.2d 370 (Pa. Super. 2002).

25. Even when legal advice is delivered into Pennsylvania by a firm that advertises in Pennsylvania, and when the client is billed in Pennsylvania, it is insufficient to establish personal jurisdiction when the cause of action that is the subject matter of the underlying litigation and the operative facts that brought the parties together all took place in another jurisdiction. Reliance Steel Products Co. v. Watson, Ess, Marshall & Engass, 675 F.2d 587 (3d Cir. 1982).

26. Regardless of whether a plaintiff asserts general or specific jurisdiction, the contact must still pass Constitutional muster under the Due Process clause. 42 Pa.Cons.Stat.Ann. §5308; Pa.Cons.Stat.Ann. §5322(b).

27. Under the "effect theory" a plaintiff may demonstrate personal jurisdiction if he or she shows:

(1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. Marten v. Godwin, 499 F.3d 290 (3d Cir. 2007).

28. The mere foreseeability that the out-of-state defendant's conduct might result in harm is insufficient without purposeful direction of activities at Pennsylvania. Williamson Consolidated Rail Corp. v. Nashville and Ashland City Railroad, 712 F. Supp. 48, 52 n.1 (M.D. Pa. 1989).

29. To establish that the defendant "expressly aimed" his conduct, the plaintiff has to demonstrate that the defendant "'manifest[ed] behavior intentionally targeted at and focused on' the forum." Marten, 499 F.3d at 298.

30. Under more traditional analysis, plaintiffs may demonstrate that the exercise of jurisdiction would comport with Due Process by establishing minimum contacts.

31. In order to establish minimum contacts, the plaintiff must establish that the defendant purposefully availed itself of the privilege of conducting business in Pennsylvania, and invoked the protection of its laws. See, e.g., International Shoe v. State of Washington, 326 U.S. 310 (1945).

32. Again, as more fully set forth above, phone calls and letters by an attorney into a jurisdiction are insufficient to establish minimum contacts or the express targeting factor of the effects test when the contacts with the jurisdiction are necessitated by the representation of a Pennsylvania resident in a non-Pennsylvania cause of action.

33. Here, the Complaint completely lacks any facts that support the conclusion that the Additional Defendants had continuous and systematic contacts with Pennsylvania, and the Additional Defendants have cited sufficient facts to support their claim that their actions were insufficient to confer personal jurisdiction.

34. Even if, arguendo, all of the standards for general or specific jurisdiction set forth above are met, this Honorable Court must weigh whether "traditional notions of fair play and substantial justice" require the dismissal of the Cokus Complaint.

35. Under Asahi Metal Industry Co., Ltd. v. Superior Ct. of Calif., Solano County, 480 U.S. 102, 110 (1987),

> The reasonableness of the exercise of jurisdiction in each case will depend on an evaluation of several factors. A court must consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. It must also weigh in its determination the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interests of the several States in furthering fundamental substantive policies.

Id. at 113 (citations omitted).

36. New York has a far greater interest than Pennsylvania in the litigation since:

　　a. there is a breach of contract and interpleader cause of action pending against Cokus and Pena in the Southern District of New York (see Exhibit "C") which was filed before Cokus made any substantive claims against ZEK;

　　b. the funds at issue are held in escrow in New York; and

　　c. the Complaint concerns the conduct of an attorney and firm licensed and registered in New York.

37. It would be unfair and burdensome to require this New York firm and its employee to defend themselves in Pennsylvania.

**WHEREFORE**, Additional Defendants, Nathan Schwed, Esquire, and Zeichner, Ellman & Krause, LLP, respectfully request that the Complaint against them of original Defendant and Third Party Plaintiff, Kathy Cokus, be dismissed with prejudice for lack of jurisdiction pursuant to

Pa.R.C.P. 1028(a)(1), and, that except for any jurisdictional discovery that the Court may order, the case be stayed pending the disposition of Additional Defendants' personal jurisdiction objection.

**B. PRELIMINARY OBJECTIONS IN THE NATURE OF A MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO PA.R.C.P. 1028(a)(1)**

38. Preliminary objections may be filed to a Complaint on grounds of improper venue. Pa.R.C.P. 1028(a)(1) (2007).

39. The Pennsylvania Rules of Civil Procedure provide as follows regarding venue in actions against Partnerships:

> (a) Except as otherwise provided by Rule 1006(a.1) and by subdivision (c) of this rule, an action against a partnership may be brought in and only in a county where the partnership regularly conducts business, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of actions arose or in the county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2130(a) (2007).

40. Regarding venue in actions against individuals, the Rules provide, in relevant part, as follows:

> Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law . . ..

Pa.R.C.P. 1006(a)(1) (2007). See also Zampana-Barry v. Donaghue, 921 A.2d 500 (Pa. Super. Ct. 2007); Wilson v. Pileggi, No. 0788, 2007 Phila. Com. Pl. LEXIS 191 (Phila. Ct. Com. Pl., June 26, 2007).

41. Venue of this matter in Bucks County, Pennsylvania is improper because, as noted above, the facts set forth in the Affidavit of Additional Defendant Nathan Schwed, attached as Exhibit "B" show the following.

- The Additional Defendants have never been residents of Pennsylvania;
- ZEK has never had an office in Pennsylvania;
- The Additional Defendants have never solicited legal business in Pennsylvania by advertising or in any other manner calculated to reach Pennsylvania;
- The Additional Defendants have never had any Pennsylvania employees;
- The Additional Defendants have never had Pennsylvania bank accounts;
- The Additional Defendants have never had any telephone listings in Pennsylvania;
- The Additional Defendants have never owned or rented any real property in Pennsylvania;
- No attorney at ZEK, including Mr. Schwed, has ever been licensed to practice in Pennsylvania;
- No attorney at ZEK has ever appeared in a Pennsylvania Court of Common Pleas;
- Mr. Schwed never traveled to Pennsylvania in connection with the prosecution of the *qui tam* action; and
- The Additional Defendants do not pay taxes in Pennsylvania.

42. In addition to the above, a review of the Cokus Complaint leads to the following conclusions:

- Ms. Cokus never spoke with or corresponded with anyone at ZEK other than Mr. Schwed;
- None of the meetings between Ms. Cokus and the Additional Defendants took place in Pennsylvania;
- None of the disputed funds are located in Pennsylvania;
- Only New York's Code of Professional Responsibility is at issue;
- No appearances in Pennsylvania courts were necessitated by the Additional Defendants' representation of Ms. Cokus; and
- The contracts at issue were not signed in Pennsylvania.

43. Finally, there is a breach of contract and interpleader action pending against Ms. Cokus and Mr. Pena in the United States District Court for the Southern District of New York arising out of the same transactions and occurrences giving rise to the instant action, and the funds at issue are being held in escrow in that State. (See Exhibit "C.") All parties are subject to jurisdiction in that forum and that forum alone can provide complete relief.

44. Given the above, it is clear that none of the transactions or occurrences giving rise to the instant action occurred in Pennsylvania, and the funds at issue are not located within the Commonwealth of Pennsylvania.

45. The cause of action did not arise in Bucks County, Pennsylvania. Accordingly, Ms. Cokus' Complaint against the Additional Defendants herein should be dismissed with prejudice for improper venue.

**WHEREFORE**, Additional Defendants Nathan Schwed, Esquire, and Zeichner, Ellman & Krause, LLP, respectfully request that The Complaint against them of original Defendant and Third Party Plaintiff, Kathy Cokus, be dismissed with prejudice pursuant to Pa.R.C.P. 1028(a)(1) (2007).

C. **PRELIMINARY OBJECTIONS IN THE NATURE OF A MOTION TO DISMISS FOR FAILURE TO CONFORM TO LAW OR RULE OF COURT PURSUANT TO PA.R.C.P. 1028(a)(2)**

46. Preliminary objections to a Complaint may be filed for failure to conform to law or rule of court. Pa.R.C.P. 1028(a)(2) (2007).

47. Pennsylvania Rule of Civil Procedure 1019(i) (2007) provides as follows:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019(i) (2007).

48. Ms. Cokus' Complaint against the Additional Defendants is based, in large part, upon allegations surrounding a purported contract between herself and Octavio Pena. (See Exhibit "A.")

49. Despite the above, Ms. Cokus failed to attach to her Complaint against the Additional Defendants a copy of the subject writing.

50. Accordingly, Ms. Cokus' Complaint against the Additional Defendants should be dismissed for failure to conform to Pa.R.C.P. 1019(i).

**WHEREFORE**, Additional Defendants Nathan Schwed, Esquire, and Zeichner, Ellman & Krause, LLP, respectfully request that the Complaint against them of original Defendant and Third Party Plaintiff, Kathy Cokus, be dismissed with prejudice pursuant to Pa.R.C.P. 1028(a)(2).

**D.   PRELIMINARY OBJECTIONS TO COUNTS VIII, IX, X, AND XII OF THE COMPLAINT IN THE NATURE OF A MOTION TO DISMISS PURSUANT TO PA.R.C.P. 1028(a)(3) and (4)**

51. In Counts VIII, IX, X and XII of the Complaint, Cokus requests Declaratory Judgments, a Preliminary Injunction and an Accounting. (See Exhibit "A.")

52. Counts VIII and IX and Cokus' *ad damnum* seek a declaration that the purported contract and Retainer Agreement are null and void. This is, essentially, a request for rescission. (See Exhibit "A.")

53. Rescission and restitution are equitable remedies. Baker v. Cambridge Chase, Inc., 725 A.2d 757, 766 (Pa. Super. Ct. 1999) (citations omitted).

54. In Count X, Cokus seeks an Order from the Court that the funds at issue be maintained in an escrow account and that documents be preserved. (See Exhibit "A.")

55. However, Cokus already knows that the Additional Defendants are willing to escrow the funds; and, indeed, the funds are already interpled in the Complaint pending in the United States District Court for the Southern District of New York. (See Exhibit "C.")

56. Furthermore, if jurisdiction somehow exists and the Additional Defendants fail to preserve the appropriate documents, Cokus may seek an appropriate equitable remedy from this Honorable Court in the form of discovery motion practice. One cannot use a Complaint to make a discovery request.

57. In any case, this is another request for an equitable remedy.

58. Similarly, Count XII seeks an accounting of funds related to the *qui* tam action (See Exhibit "A," at ¶138), yet another request for equitable relief, that is already pending in the United States District Court for the Southern District of New York, and to which the Additional Defendants have already acquiesced by virtue of their willingness to place the funds in escrow.

59. Paragraph 139 of Count XII is a thinly veiled, overly broad discovery request for information regarding all transactions involving the Plaintiff. Again, Cokus may seek this information through proper discovery requests, not through pleadings.

60. "[E]quity will entertain jurisdiction only in the absence of an adequate remedy at law." Philadelphia v. Pierre's Uniforms, Inc., 535 A.2d 142, 145 (Pa. Super. Ct. 1987) (citing Jostan Aluminum Products Co. v. Mt. Carmel District Industrial Fund, 389 A.2d 1160, 1163 (Pa. Super. Ct. 1978)).

61. Parties have adequate remedies at law if the purported harm is not permanent or irreparable or can be remedied with monetary damages. Summit Towne Centre, Inc. v. The Shoe Show of Rocky Mount, Inc., 828 A.2d 995 (Pa. 2003); Appel Vending Co., Inc. v. Phila. Vendors, Inc., 41 Pa. D & C.2d 39 (1966).

62. The mere possibility of future harm is an insufficient reason to allow recovery in equity. See Berkey v. Berwind-White Coal Mining Co., 69 A. 329 (Pa. 1908).

63. Cokus' own Complaint, which seeks legal remedies through claims of breach of contract, fraud, misrepresentation, negligence, conspiracy, *etc.*, belies her claim that she is entitled to equitable relief.

64. Cokus has failed to plead facts sufficient to demonstrate that an adequate remedy at law does not exist, and therefore, Counts VIII, IX, X and XII of her Complaint should be dismissed with prejudice.

**WHEREFORE**, Additional Defendants, Nathan Schwed, Esquire, and Zeichner, Ellman & Krause, LLP, respectfully request that Counts VIII, IX, X and XII of the Complaint against them of original Defendant and Third Party Plaintiff, Kathy Cokus, be dismissed with prejudice pursuant to Pa.R.C.P. 1028(a)(3) and (4).

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: _____
R. Anthony Michetti
J. Bruce McKissock
Attorneys for Additional Defendants,
Nathan Schwed, Esquire and
Zeichner Ellman & Krause LLP

26/1053060.v1

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

### CIVIL ACTION - LAW

| | |
|---|---|
| OCTAVIO PENA | : |
| vs. | : |
| KATHY COKUS | : NO. 07-08068-29-1 |
| vs. | : |
| NATHAN SCHWED, ESQUIRE and ZEICHNER, ELLMAN & KRAUSE, LLP | : |

### ORDER

AND NOW, this _____ day of _____ 2007, upon consideration of the Preliminary Objections of Additional Defendants, Nathan Schwed, Esquire, and Zeichner Ellman & Krause LLP, to the Complaint of Original Defendant and Third Party Plaintiff, Kathy Cokus, it is hereby ORDERED and DECREED that said Preliminary Objections are SUSTAINED. The Complaint of Original Defendant and Third Party Plaintiff, Kathy Cokus, against Additional Defendants is DISMISSED with prejudice.

BY THE COURT:

_____, J.

## CERTIFICATE OF SERVICE

I, J. Bruce McKissock, certify that I caused the within Preliminary Objections Of Additional Defendants, Nathan Schwed And Zeichner Ellman & Krause LLP, To The Complaint Of Original Defendant And Third Party Plaintiff, Kathy Cokus to be served upon the following via U.S. Mail, postage prepaid:

>Arnold I. Kalman, Esquire
>245 South Hutchinson Street
>Philadelphia, PA 19107

>George Bochetto, Esquire
>Jeffrey W. Ogran, Esquire
>Bochetto & Lentz, P.C.
>1524 Locust Street
>Philadelphia, PA 19102

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

_____
J. Bruce McKissock

Date: November 19, 2007

2