UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ZEICHNER, ELLMAN & KRAUSE, LLP, Plaintiff and Interpleader Plaintiff, <br><br> v. <br><br> KATHY COKUS, Defendant and Interpleader Defendant, and OCTAVIO PENA, Interpleader Defendant. | No. 07-CIV-9521 <br><br> DEFENDANT KATHY COKUS'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DEPOSIT FUNDS |

Defendant Kathy Cokus submits the instant Supplemental Memorandum in Opposition to Motion to Deposit Funds to revise an argument in her Memorandum in Support of Cross-Motion To Dismiss for Lack of Diversity Jurisdiction, Reply Memorandum In Support of Motion to Dismiss Due to Pendency of Prior Action, and Opposition to Cross-Motion to Deposit Funds. While Cokus believed that ZEK was proceeding with its interpleader claim under the interpleader statute, 28 U.S.C.§ 1335, it now appears that ZEK is proceeding under Fed. R. Civ. P. 22. Thus, Cokus's argument for denial of the Cross-Motion to Deposit Funds based on 28 U.S.C. § 1335 is inapplicable. Nevertheless, the Cross-Motion should be denied for the following reasons:

- The Court nevertheless lacks diversity jurisdiction after the parties are re-aligned in accordance with the true collision of interests. Both the underlying facts and the conduct of this litigation reveal that this is really a case of Cokus v. ZEK and Pena or vice versa. ZEK and Pena worked cooperatively to strip Cokus of 50% of the *qui tam* award. Their joint conduct is indicated in Cokus's Complaint against ZEK filed in the Bucks County Action and attached as Exhibit "G" to her Motion to Dismiss Due to Pendency of Prior Action. But one example of their joint conduct is ZEK's representing Pena and drafting the document that he alleges is his written agreement with Cokus. In the conduct of this litigation,

Pena has cooperated with ZEK in seeking to litigate the entire case in this jurisdiction, although he originally chose Bucks County; in this regard, for example, he conceded that the disputed funds should be deposited with this Court instead of in his originally chosen forum.

- The entire case should be dismissed due to the pendency of a prior action in Bucks County.

- The disputed funds should be deposited with the Bucks County Court of Common Pleas -- the jurisdiction where both Claimants to the disputed funds originated their claims against each other.

- In light of all the circumstances, the interpleader claim is a contrivance designed to change venue.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

/s/
By:_____
George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102
Ph: (215) 735-3900
Fx: (215) 735-2455

Date: December 14, 2007                             *Attorney for Defendant Kathy Cokus*

## CERTIFICATE OF SERVICE

I, George Bochetto, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Defendant Kathy Cokus's Supplemental Memorandum in Opposition to Motion to Deposit Funds upon the following counsel via overnight mail:

John B. Harris, Esquire
STILLMAN, FRIEDMAN & SHECHTMAN, P.C.
425 Park Avenue
New York, NY 10022

Arnold I. Kalman, Esquire
245 South Hutchinson Street
Philadelphia, PA 19107

James C. Sherwood, Esquire
Andrew S. Harris, Esquire
SCHLAM, STONE & DOLAN, LLP
26 Broadway, 19th floor
New York, NY 10004

**BOCHETTO & LENTZ, P.C.**

/s/
By:_____
George Bochetto, Esquire

Date: December 14, 2007