UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                       :

ZEICHNER ELLMAN & KRAUSE LLP,        :
Plaintiff and Interpleader Plaintiff,       :
                                        :      No. 07 Civ. 9521 (JGK)(MHD)
                                        :
    – against –                        :      **ECF Case**
                                        :
                                        :
KATHY COKUS, Defendant and Interpleader   :
Defendant, and OCTAVIO PENA, Interpleader   :
Defendant.                                 :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S CROSS-MOTION TO DEPOSIT FUNDS INTO COURT REGISTRY

STILLMAN, FRIEDMAN & SHECHTMAN, P.C.
425 PARK AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0200

*Attorneys for Plaintiff Zeichner Ellman*
*& Krause LLP*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT.............................................................................................................................3

Point I. Subject Matter Jurisdiction is Proper in this Court.....................................................3

    A.    Diversity Jurisdiction Exists Over the Zeichner Firm's Contract
        Claim Against Cokus ............................................................................................4

    B.    "Jurisdiction is Proper over the Zeichner Firm's Interpleader Claim ....................5

CONCLUSION...........................................................................................................................7

i

Plaintiff and interpleader plaintiff Zeichner Ellman & Krause LLP ("plaintiff" or "the Zeichner firm") respectfully submits this reply memorandum of law in further support of the Zeichner firm's cross-motion to deposit funds into the Court's registry. As outlined below, rather than deal with the clear legal issues that make this forum both appropriate and proper for resolution of this case, defendant Kathy Cokus and her counsel have chosen to make erroneous legal arguments -- belatedly withdrawing one only after plaintiff raised the prospect of sanctions -- and to make rote accusations of improper conduct against the Zeichner firm. The Zeichner firm's cross-motion to interplead funds should be granted and this case allowed to proceed in this Court.[1]

## PRELIMINARY STATEMENT

Having failed to meet her heavy burden of demonstrating the "exceptional circumstances" required to induce this Court to abstain from proceeding under the *Colorado River* abstention doctrine in favor of a Bucks County, Pennsylvania action, Cokus asks the Court to "realign" the parties so as to defeat diversity jurisdiction. Thus, although there is complete diversity on the breach of contract claim between the Zeichner firm and Cokus -- and although the Zeichner firm's claim for relief is completely independent of the rights and obligations of Octavio Pena -- Cokus asserts that Pena should be denominated as a plaintiff alongside the Zeichner firm, thereby putting Pennsylvania citizens on both sides of the versus. This argument appears to hinge on two fallacies: (1) because Cokus seeks to avoid separate contracts with both the Zeichner firm and with Pena, they are somehow "joint" litigants against her; and (2) because

---

[1]    Cokus purported to respond to the Zeichner firm's cross-motion with a further cross-cross-motion dated December 10, 2007, in which she sought to supplement her original motion to dismiss (based on "prior action pending") with the new ground that the Court lacked subject matter jurisdiction over the interpleader claim. Leaving aside the question of why Cokus failed to raise this additional ground in her original motion, on December 14, 2007, Cokus submitted a "supplemental memorandum" withdrawing her subject matter jurisdiction claim as "inapplicable." Accordingly, the Zeichner firm views Cokus' "cross-cross-motion" as moot.

Pena is prepared to litigate the interpleader claim in New York, his actions necessarily smack of collusion and conspiracy proving his alignment with the Zeichner firm against her.

In fact, as the Complaint filed by the Zeichner firm makes crystal clear, its entitlement to relief on its claims against Cokus does not depend on Pena. Indeed, if Pena were aligned as a co-plaintiff with the Zeichner firm, the two parties would still be pursuing relief under two different contracts, of which only the contract with the Zeichner firm involves an attorney-client relationship. Put differently, there can be no legitimate argument that the Zeichner firm intentionally omitted Pena as a plaintiff in its action against Cokus (and named him only as an interpleader defendant relating to funds in which the Zeichner firm has no interest) in order to obtain federal diversity jurisdiction. As to the claimed "collusion," it is hardly surprising given the presence of the disputed funds in New York and the availability of New York as a convenient forum for all parties that Pena should be amenable to proceeding here. (Point IA)

Similarly meritless was Cokus' belated argument that the interpleader action should be dismissed for lack of subject matter jurisdiction because the claimants -- Pena and Cokus -- are non-diverse. In so arguing, Cokus applied the standard for statutory interpleader under 28 U.S.C. § 1335, even though the Zeichner firm's motion papers never mentioned that statute and referred exclusively to Fed. R. Civ. P. 22, which explicitly does <u>not</u> require diversity among the claimants. After counsel for the Zeichner firm informed Cokus' counsel by e-mail on December 12 that her arguments were unmerited under the federal rules and raised the prospect of sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, Cokus did not respond until late afternoon on Friday, December 14 when (without notice to plaintiff's counsel), she unilaterally filed a "supplemental memorandum" withdrawing the interpleader argument. *See* Declaration of John B. Harris, dated December 18, 2007 ("Harris Dec.") at ¶¶ 4-6. Rather than simply withdraw the

2

erroneous argument, however, Cokus also took the opportunity to use the "supplemental" memo to re-argue various points she had previously made. This type of sharp practice has marked her conduct throughout the litigation. (Point IB)

## ARGUMENT

## SUBJECT MATTER JURISDICTION IS PROPER IN THIS COURT

The Zeichner firm amply demonstrated in its opposition and cross-motion papers ("Zeichner Opp.") that Cokus cannot show the "exceptional circumstances" required by the *Colorado River* abstention doctrine for dismissal of this diversity action in favor of Cokus' later-filed third-party "parallel" action against the Zeichner firm in Pennsylvania.[2] In her answering papers on the cross-motion, Cokus shifts focus to the claim that the case should be dismissed because Pena and the Zeichner firm should both be considered plaintiffs aligned against Cokus, thereby breaking diversity. This claim for "re-alignment" is specious.

As set forth in the Complaint, this lawsuit consists of two claims between the Zeichner firm and Cokus: (1) breach of contract against Cokus for refusing to pay over to the Zeichner firm the 37.5 percent fee to which the firm is contractually entitled from the proceeds of the *qui tam* recovery; and (2) a declaration that the firm is entitled to that amount. In addition, the Complaint seeks "interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure to resolve the claims of Cokus and/or Pena, which affect the rights and duties of Zeichner."

---

[2]    Although Cokus continues to tout the significance of her filing a bare summons on October 11 adding the Zeichner firm to the Pennsylvania case, she did not serve the summons or file a pleading until after the New York action began. Any conceivable preference for Pennsylvania based on this timing is also undermined by the prematurity of that action, which was filed before the funds were paid and the parties' entitlements and obligations ripened. While Cokus trumpets the number of discovery requests between the parties (the sole product of permitting pre-answer discovery), on December 14, the Pennsylvania court granted an interim stay of discovery. Harris Dec. at Ex. B. Even were no such stay in place, the reality is that no depositions have occurred and the discovery exchanged has been less than illuminating. See Harris Dec. at Ex. C (Cokus' counsel denies or objects to 75 of 79 requests to admit).

Complaint ¶ 4.  The Court has subject matter jurisdiction over each of these claims and there is

no basis to re-align the parties based on their respective interests.

### A.    Diversity Jurisdiction Exists Over the Zeichner Firm's Contract Claim Against Cokus

This Court has subject matter jurisdiction over the Zeichner firm's claims against Cokus

pursuant to the diversity statute, 28 U.S.C. § 1332.  The Zeichner firm is a citizen of New York

(Complaint ¶ 1) and Cokus is a citizen of Pennsylvania (*see id.* ¶ 2).  The approximately $1.5

million amount in controversy between these parties exceeds the statutory requirement (*see id.* ¶

5).  Cokus does not even attempt to challenge that complete diversity exists between the

Zeichner firm and Cokus and that the amount in controversy is sufficient.  Rather, Cokus argues

that -- notwithstanding the averments of the Complaint and the absence of any interest by Pena in

the amount sought by the Zeichner firm -- this case should "really" be aligned as Pena and the

Zeichner firm against Cokus because, it is alleged, "they worked cooperatively" to deprive her of

a share of the *qui tam* action.  (Supp. Mem. at 1)

The Complaint demonstrates that the contract on which the Zeichner firm sues is

exclusively between it and Cokus.  The firm's right to its contractual fee for legal services is

independent from any right Pena may have under his separate contract with Cokus and,

accordingly, he does not share the Zeichner firm's interests as a plaintiff and need not be joined

as a party to the action on the Zeichner-Cokus contract at all, let alone as a co-plaintiff in a

manner that would break diversity.  Merely because Cokus alleges she is adverse to **both** Pena

and the Zeichner firm (inasmuch as she does not want to permit either to have any share of her

recovery) and that they somehow conspired against her does not mean that the interests of the

Zeichner firm and Pena -- or the genesis of their respective rights to relief -- are joint or shared.

Nor does Cokus' reckless suggestion that because Pena has advised the Court that he is prepared

4

to proceed in New York rather than Pennsylvania, and therefore that he must be in "collusion" with the Zeichner firm, alter the analysis.

**B.     Jurisdiction Is Proper Over the Zeichner Firm's Interpleader Claim**

Contrary to Cokus' belated assertions, the inclusion of Pena as an interpleader defendant does not upset the Court's diversity jurisdiction.   Subject matter jurisdiction in a Rule 22 interpleader action is determined with reference to the diversity statute, 28 U.S.C. § 1332, and is proper where "the stakeholder's citizenship is diverse to that of all of the defendants, and the amount in controversy exceeds [the statutory minimum]." *Truck-a-Tune, Inc. v. Ré*, 23 F.3d 60, 62 (2d Cir. 1994) (diversity jurisdiction proper under rule interpleader).  As alleged in the Complaint, the Zeichner firm, the stakeholder, is a citizen of New York, while both claimants, Cokus and Pena, are citizens of Pennsylvania. *See* Complaint ¶¶1-2.  In addition, the amount in controversy as between the claimants exceeds the statutory minimum. *See* Complaint ¶ 5.

Cokus objects to the Zeichner firm's interpleader of Pena and Cokus on the grounds that "ZEK and Pena are not even nominally adverse." Cokus Opp. at 3.  It is, of course, true that the Zeichner firm has made no claim against Pena (or *vice versa*), but the absence of such claims *inter se* does not smack of collusion or mean that they are united in interest, but signifies simply the absence of any claim that one owes anything to the other.  Indeed, the Zeichner firm, as a mere stakeholder of the funds disputed by Cokus and Pena, has no independent interest in the outcome of that dispute.

In any event, the law is clear that the validity of the interpleader hinges on whether the stakeholder faces exposure from its disposition of property in its possession.  The "primary test for determining the propriety of interpleading the adverse claimants . . . is whether the stakeholder legitimately fears multiple vexation directed against a single fund." Charles Alan

Wright et al., 7 FEDERAL PRACTICE AND PROCEDURE § 1704 (3d ed. 2001) (footnotes omitted). As the Complaint establishes, were the Zeichner firm to pay to Cokus the $499,766.93 it has moved to deposit with the Court, Pena would seek to prevent this on the grounds that the funds belong to him. *See* Complaint ¶ 30. Cokus, likewise, claims exclusive entitlement to these funds. Under such circumstances, the Zeichner firm "should not be compelled to run the risk of guessing which claimant may recover from the fund." 7 FEDERAL PRACTICE AND PROCEDURE § 1704. The interpleader is therefore proper. *See Franceskin v. Credit Suisse,* 214 F.3d 253, 259 (2d Cir. 2000) ("a federal court has diversity jurisdiction over an interpleader action brought pursuant to the Rule so long as every stakeholder . . . is diverse from every claimant"); *Truck-a-Tune Inc.*, 23 F.3d at 62 (district court's *sua sponte* conversion of statutory interpleader action to rule interpleader action was proper "[b]ecause the stakeholder's citizenship is diverse to that of all of the defendants" and the amount-in-controversy was sufficient).

## CONCLUSION

Accordingly, we respectfully submit that the Court should enter an Order: (a) denying Cokus' motion to dismiss on the grounds of prior action pending; (b) granting Zeichner's cross-motion to deposit funds into the Registry of the Court; (c) awarding Zeichner such other and further relief as is just and proper; and (d) scheduling an immediate conference pursuant to Rule 16 so that this matter may proceed expeditiously.

Dated:    New York, New York
          December 18, 2007

STILLMAN, FRIEDMAN & SHECHTMAN, P.C.

By: s/John B. Harris
    John B. Harris (JH 4038)
425 Park Avenue
New York, New York 10022
(212) 223-0200

*Attorneys for Plaintiff Zeichner Ellman
    & Krause LLP*

7