UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZEICHNER ELLMAN & KRAUSE LLP,
Plaintiff and Interpleader Plaintiff,

— against —

KATHY COKUS, Defendant and Interpleader
Defendant, and OCTAVIO PENA, Interpleader
Defendant.
------------------------------------------------------------X

No. 07 Civ. 9521 (JGK)(MHD)

**ECF Case**

**DECLARATION OF
JOHN B. HARRIS**

John B. Harris hereby declares under penalty of perjury:

1. I am a member of the New York City law firm of Stillman, Friedman & Shechtman, P.C., counsel for the plaintiff and interpleader-plaintiff, Zeichner Ellman & Krause LLP (the "Zeichner firm" or the "Firm"). I submit this declaration in further support of the Zeichner firm's cross-motion to interplead certain funds located in the State of New York that are in dispute between interpleader-defendants Kathy Cokus and Octavio Pena.

2. On December 10, 2007, we received papers from Ms. Cokus' counsel that purported to be submitted: (a) in reply to Cokus' motion to dismiss on the ground of "prior action pending"; and (b) in answer to the Zeichner firm's motion for leave to deposit interpleaded funds into the Court registry. However, Ms. Cokus also included references to her own "cross-motion" (technically, a "cross-cross motion"), by which she sought to supplement her original arguments to dismiss by adding the additional argument that the interpleader claim should be dismissed for lack of diversity.

3. Ms. Cokus asserted in her cross-cross-motion that the interpleader claim had to be dismissed because the two claimants, herself and Mr. Pena, are both citizens of

Pennsylvania and therefore diversity jurisdiction does not exist under 28 U.S.C. § 1335. Leaving aside that Ms. Cokus provided no explanation for failing to raise this claim in her initial motion, the argument ignored the plain language of the Complaint and our cross-moving papers that made clear that the firm was relying upon interpleader under Fed. R. Civ. P. 22, pursuant to which jurisdiction was indisputably appropriate because the Zeichner firm was diverse from the claimants. (Complaint ¶ 4, Zeichner Mem. at 14-15).

4. On December 12, 2007, after reviewing Ms. Cokus' interpleader argument, I wrote to Ms. Cokus' counsel, George Bochetto, advising him that his answering papers misperceived the basis for the interpleader and that his argument for dismissal improperly hinged on the statutory interpleader standard rather than Rule 22. I cited hornbook law and noted that the argument implicated both Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. (A copy of this correspondence is annexed as Exhibit A.)

5. Mr. Bochetto did not respond directly to my e-mail. Instead, without any notice to me, on Friday December 14, 2007, he filed a "supplemental memorandum" with the Court that acknowledged that his argument was "inapplicable." Because he neither faxed or e-mailed me these "supplemental" papers or advised me that he intended to do so, I was unaware of them until after I had finished our responding papers over the weekend.

6. Mr. Bochetto also used his withdrawal of this "inapplicable" argument as an excuse to repeat in the "supplemental memorandum" additional arguments he had already made twice in his earlier briefs. This sharp practice appears to be emblematic of his representation in this matter.

7. Finally, I note that, in her most recent set of papers, Ms. Cokus asserts that there has been extensive discovery served in the Pennsylvania state case and that this should be a

factor in the Court's decision to abstain. However, on December 14, 2007, the Pennsylvania court issued an interim stay in that matter. (A copy of the stay order is annexed as Exhibit B.) Even were it otherwise, the reality is that no depositions have occurred and that, inasmuch as the substantive claims between the Zeichner firm and Ms. Cokus were brought first on October 25 in this Court, the sole reason discovery demands have been served by Cokus on the Zeichner firm in Pennsylvania is that Pennsylvania (unlike New York) permits pre-answer discovery.

9. In any event, to make sure the Court is not misled regarding the *progress* of the limited discovery that has occurred to date in Pennsylvania, I annex by way of example Ms. Cokus' responses to Mr. Pena's requests for admissions, which include admissions of only 4 of 79 requests. (A copy of these responses is annexed as Exhibit C.) Whatever utility the discovery that has occurred to date in Pennsylvania may have, it can surely be applied to the New York case once this Court resolves the current motion practice.

10. We respectfully request that the Court convene a conference at the earliest possible date to set a discovery schedule.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 18, 2007
New York, New York

John B. Harris

3

# EXHIBIT A

# John Harris

**From:** John Harris
**Sent:** Wednesday, December 12, 2007 5:23 PM
**To:** 'George Bochetto'
**Cc:** 'Arnold I. Kalman'; Andrew S. Harris
**Subject:** Cokus' Interpleader Argument

Mr. Bochetto: We note that your recently filed papers in New York argue that the Zeichner firm's interpleader claim must be dismissed because, under 28 U.S.C. Section 1335, the adverse claimants (Pena and Cokus) are non-diverse. However, as our papers make clear, the firm seeks interpleader solely under Fed. R. Civ. P. 22, which does not require diversity among the claimants. See Charles Alan Wright et al., 7 FEDERAL PRACTICE AND PROCEDURE § 1710 (3d ed. 2001) ("contrary to statutory-interpleader actions, the absence of diversity of citizenship among the claimants is irrelevant in rule-interpleader cases.")

Given that your papers are based on a misconception and are belied by clearly-established law, we respectfully suggest that you withdraw this argument as unmerited under Fed. R. Civ. P. 11 and 28 U.S.C. Section 1927. Please let us know promptly whether you intend to do so.

# EXHIBIT B

Michetti 12/14/07

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: Bruce McKissock, Esquire
Attorney I.D. # 13036
By:  R. Anthony Michetti, Esquire
Attorney I.D. # 30049                    Attorney for Additional Defendants,
10 N. Main Street, 2nd Floor              Nathan Schwed, Esquire and Zeichner,
Doylestown, PA 18901                      Ellman & Krause, LLP
Telephone No. 267-880-2030

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL ACTION - LAW

| | |
|---|---|
| OCTAVIO PENA | : |
| vs. | : NO. 07-08068-29-1 |
| KATHY COKUS | : |
| vs. | : |
| NATHAN SCHWED, ESQUIRE and ZEICHNER, ELLMAN & KRAUSE, LLP | : |

### RULE TO SHOW CAUSE

AND NOW, this 14th day of December, 2007, a Rule is entered upon all parties to show cause, if any, why Additional Defendants, Nathan Schwed, Esquire and Zeichner, Ellman & Krause, LLP's ("Mr. Schwed and ZEK"), Motion for Protective Order and to Stay Discovery Proceedings should not be granted.

It is further ORDERED that the following discovery is STAYED:

a. Cokus' deposition and any motion practice associated therewith;

b. Cokus' First Set of Interrogatories addressed to Mr. Schwed and ZEK;

c. Cokus' First Request for Production of Documents addressed to Mr. Schwed and ZEK;

d. Cokus' Second Request for Production of Documents addressed to Mr. Schwed and ZEK;

e. Cokus' Third Request for Production of Documents addressed to Mr. Schwed and ZEK;

and

    f.    Cokus' Motion to Compel against Schwed and ZEK

until disposition of Additional Defendants' Motion for Protective Order.

**RULE RETURNABLE DATE:** January 7, 2007

BY THE COURT:

_____
C. Theodore Fritsch, Jr, Judge

**N.B.** It is your responsibility to notify all interested parties of the above action.

# EXHIBIT C

Fax sent by   : 2157352455                              12-07-07 11:38    Pg: 3/11

**BOCHETTO & LENTZ, P.C.**
By:   George Bochetto, Esquire
Attorney I.D. No.: 27783
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

*Attorney for Defendant Kathy Cokus*

| | |
|---|---|
| OCTAVIO PENA | COURT OF COMMON PLEAS |
| | BUCKS COUNTY |
| Plaintiff, | TRIAL DIVISION |
| v. | NO. 07-08068-29-1 |
| KATHY COKUS | |
| Defendant. | |

### DEFENDANT KATHY COKUS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant, Kathy Cokus ("Cokus"), by and through undersigned counsel, Bochetto & Lentz, P.C., hereby presents her objections and answers to Plaintiff's Requests for Admissions, as follows:

1. Denied. Cokus needs more information and the benefit of discovery to make a final determination, since she has no specific recollection of signing such document (as such), though the signature appears to be like hers.

2. Denied. Cokus needs more information and the benefit of discovery to make a final determination, since she has no specific recollection of signing such document (as such), though the signature appears to be like hers.

3. Denied. Cokus needs more information and the benefit of discovery to make a final determination, since she has no specific recollection of signing such document (as such), though the signature appears to be like hers.

4. Denied. Cokus needs more information and the benefit of discovery to make a final determination, since she has no specific recollection of signing such document (as such), though the signature appears to be like hers.

5. Denied. Cokus never saw at least the first page, and has only a vague recollection of seeing the last page.

6. Denied. Cokus needs more information and the benefit of discovery to make a final determination, since she has no specific recollection of signing such document (as such), though the signature appears to be like hers.

7. Denied. Cokus needs more information and the benefit of discovery to make a final determination, since she has no specific recollection of signing such document (as such), though the signature appears to be like hers.

8. Denied. Cokus has no specific recollection of Pena ever signing such document, and when she recently learned of such document she objected through counsel.

9. Denied. Cokus needs more information and the benefit of discovery to make a final determination, since she has no specific recollection of signing such document (as such), though the signature appears to be like hers.

10. Denied. In fact, Cokus was informed by Pena he did not have an original or a copy, and apparently called Schwed about the same.

11. Denied. Cokus never got such a copy from Pena.

12. Admitted.

13. Denied. Although Cokus signed an engagement letter with Schwed, she is uncertain of the exact date.

14. Admitted.

15. Denied. Cokus is not certain exactly where she was when she signed Schwed's engagement letter.

16. Denied. Cokus is not certain exactly where she was when she signed Schwed's engagement letter.

17. Denied. Although Cokus scanned the letter, she relied on Schwed's description of his fee agreement when signing.

18. Admitted.

19. Denied. Cokus has no recollection of signing in front of Pena.

20. Denied. Though Cokus has no specific reason to think she did not get a copy, her records were stolen from her vehicle and she thereafter possessed no copy.

21. Denied. Cokus has had numerous conversations with Schwed from her home. She does not recall the exact dates.

22. Denied. Cokus has had numerous conversations with Schwed from her home. She does not recall the exact dates.

23. Denied. Cokus does not recall such.

24. Denied. Cokus has had numerous conversations with Schwed from her home. She does not recall the exact dates.

25. Denied. Cokus believes Pena set up and operated on his own accord tape recording equipment from Cokus' home. She does not recall a tape recording with Schwed.

26. Denied. Cokus believes Pena set up and operated on his own accord tape recording equipment from Cokus' home. She does not recall a tape recording with Schwed.

3

27. Denied. Cokus has no recollection of such.

28. Denied. Cokus has no recollection of such.

29(a-f). Denied. Cokus does not have a copy of any such tape recording and does not have a specific recollection as to each such statement she may have had.

30. Denied. Whatever tape recording existed was at all times controlled by Pena.

31. Objection. Beyond any scope of the legal issues presented by this controversy. Not likely to lead to admissible evidence, it is harassing, burdensome, and propounded in bad faith. Without waiver of said objection, Cokus has frequently met with Mr. Previti.

32. Objection. Beyond any scope of the legal issues presented by this controversy. Not likely to lead to admissible evidence, it is harassing, burdensome, and propounded in bad faith. Without waiver of said objection, Cokus denies tape recording Mr. Previti.

33(a-h). Denied. Cokus has no specific recollection of any such statements.

34. Denied. Cokus had possession of no tape recordings of Mr. Previti.

35-38. Denied. Pena never told Cokus that -- generally -- he would record all his conversations with her or specifically as referred to in these Requests.

39. Denied. Cokus did not give such content.

40-41. Denied. Cokus does not know what "reports" are being referred to, nor whether she received any such reports. If Plaintiff shows Cokus a copy of any such report, she would be happy ro respond.

4

42.  Denied. Cokus has no copy of such e-mail, and therefore cannot confirm whether she sent such e-mail to Pena.

43.  Denied. Cokus has no copy of such e-mail, and therefore cannot confirm whether she sent such e-mail to Pena.

44.  Denied. Cokus has no recollection of such a statement.

45.  Admitted.

46.  Denied. Cokus does not specifically recall doing so, through it is possible.

47.  Denied. Cokus did not give such consent.

48.  Denied. Cokus has no such knowledge.

49.  Denied. Cokus has no such knowledge.

50(a-c).  Denied. Cokus was not told such by Schwed.

51(a-c).  Denied. Cokus did not make such statements.

52.  Denied. Although Cokus signed an engagement letter with Schwed, she is uncertain of the exact date.

53.  Denied. Cokus has no such knowledge.

54.  Denied. Cokus has no such knowledge.

55.  Denied. Cokus has no such knowledge.

56.  Denied. Cokus did no such thing.

57.  Denied. Cokus did not get any such copy.

58.  Denied. Though Cokus has no specific reason to think she did not get a copy, her records were stolen from her vehicle and she thereafter possessed no copy.

59.  Denied. Cokus has no such knowledge.

60-63. Objection. Beyond any scope of the legal issues presented by this controversy.

64. Denied. Further, Cokus made many payments of costs.

65. Denied. Cokus has no specific recollection of Pena ever signing such document, and when she recently learned of such document she objected through counsel.

66. Denied. Cokus has no specific recollection of Pena ever signing such document, and when she recently learned of such document she objected through counsel.

67. Denied. Such averment is borne out by the evidence.

68. Denied. Such averment is borne out by the evidence.

69. Denied. Such averment is borne out by the evidence.

70. Denied. Such averment is borne out by the evidence.

71. Denied. Such averment is borne out by the evidence.

72. Denied. Such averment is borne out by the evidence.

73. Denied. Such averment is borne out by the evidence.

74. Denied. Such averment is borne out by the evidence.

75. Denied. Such averment is borne out by the evidence.

76. Denied. Such averment is borne out by the evidence.

77. Denied. Such averment is borne out by the evidence.

78. Denied. Such averment is borne out by the evidence.

79. Denied. Such averment is borne out by the evidence.

Fax sent by : 2157352455                              12-07-07 11:39    Pg: 9/11

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____
George Bochetto, Esquire
*Attorney for Defendant Kathy Cokus*

Date: December 7, 2007

Fax sent by : 2157352455                                    12-07-07 11:39      Pg: 10/11

## VERIFICATION

I, Kathy Cokus, verify that the statements made in the foregoing Objections and Answers to Plaintiff's Requests for Admissions are, to the best of my knowledge, true and correct. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: December 7, 2007

_____
Kathy Cokus

Fax sent by : 2157352455                    12-07-07 11:39      Pg: 11/11

## CERTIFICATION OF SERVICE

I, George Bochetto, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Defendant Kathy Cokus' Objections and Answers to Plaintiff's Requests for Admission upon the following counsel via facsimile and first-class mail:

Arnold I. Kalman, Esquire
245 South Hutchinson Street
Philadelphia, PA 19107
Facsimile: (215) 829-9619

Bruce McKissock, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
10 North Main Street, 2nd floor
Doylestown, PA 18901
Facsimile: (215) 348-5439

BOCHETTO & LENTZ, P.C.

By: _____
George Bochetto, Esquire

Date: December 7, 2007