UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZEICHNER, ELLMAN & KRAUSE, LLP,<br>Plaintiff and Interpleader Plaintiff,<br><br>v.<br><br>KATHY COKUS, Defendant and Interpleader Defendant, and OCTAVIO PENA, Interpleader Defendant. | No. 07-CIV-9521<br><br>KATHY COKUS'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION (PARTY REALIGNMENT)[1] |

In arguing against realignment of the parties, ZEK adopts a view of the litigation that is incorrect for being too restrictive. ZEK begins by focusing on the dispute between it and Cokus, and, further, focuses only on its claims against Cokus and not her claims against ZEK. When ZEK does mention the claims between Cokus and Pena, it again focuses only on those Pena asserts against Cokus and not vice versa, and, what is more, treats the Cokus/Pena dispute as entirely distinct from the Cokus/ZEK dispute. To make an informed realignment determination, the Court must examine the entire dispute, and, fortunately, the pleadings in the Bucks County Action (attached as Exhibits to Cokus's Motion to Dismiss Due to Pendency of Prior Action) paint a more complete picture.[2]

As Cokus observed, quoting in *Maryland Casualty Co. v. W. R. Grace and Co.*, 12 F. 3d 617, 622 (2nd Cir. 1994), the Second Circuit follows the "collision of interest" test. As the

---

[1] Because Cokus filed an independent Motion based on a lack of diversity jurisdiction due to realignment, she believes she is entitled to a Reply Memorandum on that issue and hence files this Memorandum limited to that issue.

[2] There can be no doubt that, if this case were to proceed here, those claims would be brought here.

Second Circuit interprets it, this test involves a determination of whether a substantial controversy exists between the parties.  United States Fidelity and Guaranty Co. v. A&S Manufacturing Co., Inc., 48 F. 3d 131, 133 (4th Cir. 1995), citing Maryland Casualty Co., 23 F. 3d at 622-23.

Here a substantial controversy does not exist, given the dispute at hand, between ZEK and Pena but a substantial controversy does exist between Cokus, on the one hand, and ZEK and Pena on the other.   To consider the interpeader to be the substantial controversy governing jurisdiction is to allow the tale to wag the dog.  The rationale for interpleading a portion of what ZEK holds in escrow is based on the adverse position of Cokus and Pena.  Moreover, Cokus and Pena are adverse for the same reason that Cokus and ZEK are adverse: there is a dispute over the handling of what ZEK and Pena claim is a contingent share in Cokus' *qui tam* award.

While this should be enough for the realignment – even if the Cokus/ZEK and Cokus/Pena alleged contracts were independent – there is more.   The Cokus/ZEK claims and counterclaims and the Cokus/Pena claims and counterclaims are interdependent.   The underlying dispute involves ZEK and Pena working together to take advantage of Cokus regarding the claimed contingency fee.  For example, ZEK drafted the contract (a contract that is unlawful and unenforceable) under which Pena asserts his claim against Cokus.  Further,  ZEK did so while also representing Cokus.   See Cokus Complaint against ZEK, attached as Exhibit "G" to Memorandum in Support of Motion to Dismiss Due to Pendency of Prior Action at ¶¶ 21, 55.  Cokus's claims against ZEK concern this conflict of interest and a failure to disclose.   Cokus Complaint against ZEK at ¶ 23.  Moreover, prior to ZEK drafting the document under which Pena seeks to recover, it was Pena that led Cokus to ZEK, an introduction that resulted in the

contract under which ZEK seeks to recover. Cokus Complaint against ZEK ¶¶ 17-19. Additionally, after the *qui tam* settlement, ZEK (still representing Cokus) worked with Pena to aid Pena in securing his claimed contingency fee. Cokus Complaint against ZEK ¶¶ 46-50. Here the collision of interests is not the interpleading of a portion of the money under dispute – which could occur in the Bucks County Action, in any event – but the dispute between Cokus, on the one hand, and the ZEK and Pena, on the other.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: /s/ _____
George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102
Ph: (215) 735-3900
Fx: (215) 735-2455

Date: December 20, 2007        *Attorney for Defendant Kathy Cokus*